### W. A. FITTS *v.* C. P. HUFF ET AL.

1. TAX-TITLE. *Offer to redeem. Insufficient tender. Case in judgment.*
   In March, 1880, the lands of H. were sold for the unpaid taxes of 1879. In August, 1880, H. wrote to the auditor for a statement of the amount required to redeem the lands. The auditor replied immediately, giving a statement of the taxes then due. In February, 1881, H. forwarded to the auditor the amount due as per the statement furnished her in August, 1880, but made no tender of the taxes then due for the year 1880. On March 9, 1881, the auditor replied, returning the money, saying that the lands in question were not on the revised list of forfeited lands compiled in accordance with an act of the legislature approved March 5, 1880, and that the State had no claim on them. In this the auditor was mistaken, the lands being on such list. In 1883 B. bought the lands from the State and conveyed them to F. in 1884. F. brought an action of ejectment against H. to recover such lands. *Held*, that F. is entitled to recover. H. not having tendered the full amount of taxes due, the attempt to redeem was ineffectual.

2. SAME. *Offer to redeem. Mistake of auditor as to State's ownership. Effect.*
   Whether, in such case, the former owner would be permitted to redeem after the year allowed for the exercise of that right, because of the misleading information given by the auditor, *quære.*

APPEAL from the Circuit Court of Wilkinson County.

HON. J. B. CHRISMAN, Judge.

This is an action of ejectment brought by W. A. Fitts against Mrs. C. P. Huff and Holloway Huff to recover possession of certain lands.

On the 1st of March, 1880, the lands in question were sold to the State for the unpaid taxes of 1879. In August, 1880, the

former owner, Mrs. C. P. Huff, applied to the auditor to know the amount necessary to redeem the land. On the 23d of August, 1880, the auditor sent her a statement showing that at that time it required seventeen dollars and sixty-one cents to redeem the land.

On the 6th of December, 1880, there was filed in the chancery clerk's office a list of lands sold to and held by the State in Wilkinson County, prepared in accordance with the provisions of an act of the legislature approved March 5, 1880. On the 21st of February, 1881, Mrs. Huff forwarded to the auditor seventeen dollars and sixty-one cents, the amount which the statement of the auditor showed to have been due in August, 1880. This was the only tender of taxes ever made by Mrs. Huff. The taxes for 1880, due on the first Monday in December of that year, were never tendered, seventeen dollars and sixty-one cents being the amount of taxes due for 1879.

On the 9th of March, 1881, the auditor replied to this letter as follows: "Inclosed please find seventeen dollars and sixty-one cents. This is to return the money sent by P. O. order in February. The land (see statement returned herewith) was erased under the act to systematize the [records] of the State tax lands passed by the legislature of 1880, and the State now has no claim, and it was not on the compiled records. The sheriff should either have collected on it last year or sold it on the first instant.

"S. GWIN, *Auditor.*"

As a matter of fact, the land was not left off the compiled list, but remained the property of the State until the 30th of August, 1883, when the State conveyed the same to one J. C. Bonner, who, on the 15th of December, 1884, conveyed it to W. A. Fitts, the plaintiff in this suit.

The case was first tried by a jury, who found a verdict for the plaintiff. A new trial was granted by the court, and a jury being waived the court rendered a judgment for the defendants, from which the plaintiff appealed to this court.

*D. C. Bramlett,* for the appellant.

The title of the State to lands held for taxes can only be divested in one way, either in redemption or purchase, and that is

by deed upon payment of the amount prescribed by law. Code 1880, § 561. In the first place, appellee was not prevented from redeeming her lands, for she was not in the position to redeem, not having tendered a sufficient amount; and, in the second place, the auditor simply made a mistake when he said that the lands had been erased from the list of State tax lands, and for the consequences of this, whatever they may be, the State is in no wise responsible. For there is no principle of law better recognized, more wholesome and just, than this, that the State is not liable for the negligent acts or omissions of her officers, and not bound by their acts beyond the scope of their authority.

Appellee had notice that her lands were held by the State, and she knew that no taxes had been paid for two years, when she forwarded only an amount to cover one year's taxes, and to hold that although she failed to comply, or to offer fully to comply with the law and received no deed, yet that the mistake of the auditor, which she knew was a mistake, was tantamount to a redemption, and divested the State of all claim and title to the land, is a proposition that capsizes the intellect.

*C. P. Neilson,* for the appellees.

Appellee did all she was required to do—all she could do. She applied to the proper officer to redeem her land. He at first informs her a certain sum is required. She forwards the required sum and a formal application. The auditor returns it with the money, and informs her the land is not on the list of forfeited lands, and the State has no claim on it. There is no question here of tender, or sufficiency of the amount of money sent and returned. The only question is, Did Mrs. Huff within the year apply to the proper officer to redeem her land, and did the officer by act or conduct refuse to permit or prevent her from doing so? The court so found the facts, and the evidence fully sustains the finding. The offer to redeem, and a refusal to permit it to be done, is equivalent to a redemption. 10 Peters 22, 23; 10 Wallace 474, 475.

But was not the amount sent sufficient to redeem? Statutes of redemption are construed most favorably to the landowner. (Cases, above cited.) Section 561, Code of 1880, nowhere directs or

authorizes the auditor to add on accrued taxes in cases of redemption; it makes a distinction between "redeem" and "purchase." Certainly, no express authority is given the auditor in cases of *redemption* to include subsequent taxes. In cases of purchase he is in express terms required to do so. Nor is it necessary he should do so in case of redemption, for it must be made within the year. The redemption is at once reported to the proper county officers, the land is listed to the one redeeming, and the tax for that year collected, or the land again sold. The State loses, can lose, no revenue by it; the land does not, cannot, escape the payment of the tax.

CAMPBELL, J., delivered the opinion of the court.

Upon the facts shown by this record the plaintiff should have judgment. The land was not redeemed. The effort of the defendant to redeem was ineffectual. The money sent for the purpose was not enough. The taxes of 1880 were then exigible, and their payment was necessary. It does not appear that any offer to redeem since the expiration of the year from the sale has been made, or that any tender of the required sum was ever made. Whether the former owner would be permitted to redeem after the year allowed for the exercise of that right, because of the misleading information given her by the auditor on the 9th of March, 1881, is not involved here. Upon the facts before us the plaintiff should have a recovery, and the defendant's right to redeem upon payment of all proper charges on the land may be presented by a proper proceeding for that purpose.

*Reversed and remanded for a new trial.*